UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| NATHANIEL JORDAN, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Cause No. 2:12CV529-PPS |
| ) | Arising from 2:09CR32-PPS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

On December 13, 2013, defendant Nathaniel Jordan's motion to vacate, set aside or correct sentence, filed pursuant to 28 U.S.C. §2255, was granted to the extent that the criminal judgment was amended to correct the omission of the word "attempted" to describe Jordan's drug possession offense. In all other respects, the motion was denied. Jordan is back with a motion seeking reconsideration of that ruling and of the denial of a certificate of appealability.

Jordan now focuses on Ground One of the §2255 motion, his claim that his trial counsel rendered ineffective assistance by refusing to pursue an entrapment defense as Jordan desired. In rejecting this ground for relief, I found that Jordan did not show that his attorney's performance was deficient because whether or not to pursue a particular defense was a decision of legal strategy that was "eminently reasonable" as to a client who had previously been involved in trafficking drugs with the very same supplier of heroin. [DE 194 at 3.] Also the jury's verdict clearly reflected that they believed the officer's testimony that at the scene Jordan acknowledged knowing that he was being sent drugs for resale, rather than Jordan's own testimony denying any such knowledge. [*Id.*]. I also found that Jordan had not persuasively

demonstrated that an attempt at an entrapment defense would likely have resulted in an acquittal. [*Id.*] Ground One was denied because neither prong of the *Strickland* standard[1] for ineffective assistance claims was met. [*Id.* at 4.]

Apparently believing these ideas support an entrapment theory, Jordan now raises questions about the proof that there was any actual heroin in the package sent to him, about the rationale for the Immigration and Customs Enforcement search of the package, about supplier Sam's true motives for sending the package, about the government's failure to charge Sam, and about counsel's failure to call Jordan's daughter and granddaughter as witnesses at trial. [DE 197 at 1-4.] Jordan overestimates the impact of these issues on the elements of entrapment. None of these considerations (alone or together) demonstrates that an entrapment defense would have been so persuasive that Jordan's attorney's strategic decision not to pursue it fell outside the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689; *Griffin v. Pierce*, 622 F.3d 831, 843 (7th Cir. 2010). The denial of relief on Ground One will not be reconsidered.

Jordan briefly re-argues Grounds Five, Six, Seven and Eight [DE 197 at 10-12], but offers nothing of substance that is new or different from his arguments already considered and rejected. To the extent Jordan now criticizes his counsel's filing of an *Anders* brief on direct appeal [DE 197 at 3] and his failure to seek a severance from co-defendant Adkins [*Id*. at 10], these present distinct issues of ineffective assistance of counsel not previously identified. Such new claims for relief cannot be raised for the first time in this post-judgment motion for reconsideration. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 952 (7th Cir. 2013).

---

[1] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Jordan raises an "actual innocence" issue he says was overlooked in my previous opinion, referring to his affidavit filed with his motion for reconsideration. [DE 197 at 6,15-16.] A month after filing his reply memorandum in support of his §2255 motion [DE 183], and two months after the government filed its opposition to the motion, Jordan filed a separate document entitled "Supplemental Memorandum Concerning Actual Innocence and New Ineffectiveness of Counsel" [DE 184]. In that 3-page filing, Jordan attempted to add an ineffective assistance claim based on his allegation that "defense counsel refused to call or put on the witness stand, witnesses that would have asserted with proffered-proofs the defendant's 'actual innocence.'" [DE 184 at 1.]

As I've already indicated, a reply (much less an even later supplemental reply or a motion to reconsider) is not a proper vehicle for asserting claims or arguments not previously made. Additional claims for relief require the amendment of the pleadings to include them. In this case, Jordan did not ask for and was not granted leave to amend his §2255 motion to add a tenth ground for relief. Doing so would have raised questions about the timeliness of the additional ground, under the one-year statute of limitations and "relation back" principles.

Putting all of that aside, the claim is a non-starter even considered on its merits. In his belated ineffective assistance claim, Jordan complained that his attorney did not call his daughter Lennatesha to testify that the baggies confiscated from his residence were for a school project (rather than, as the government suggested, for bagging drugs), and that his daughters Norelle and Chinyere would have affirmed Jordan's story that the package was expected to contain computers, which were to be Christmas presents for them. [DE 184 at 1.] Jordan also faulted his attorney for not having elicited testimony from Jordan himself that the scales confiscated from

the residence and the procaine found on the scales had innocent medical explanations associated with Jordan's diabetes (namely that he used the scales for measuring fluid intake and used procaine on his dialysis site for pain). [DE 184 at 2.] Jordan's complaint is that his attorney "would not call my requested witnesses and he did not ask defendant any of these necessary question[s] while he was on the witness stand." [*Id*.]

Much of this basis for the additional claim of ineffective assistance is just plain inaccurate. Jordan did in fact testify concerning his use of the scales to weigh his fluid intake [DE 112 at 128, 163] and that he used procaine by prescription as an anesthetic salve at his dialysis site. [DE 112 at 128-29.] He also testified that the three boxes of baggies were for his daughter's school project. [*Id.* at 129.] Jordan further testified that he was supposed to sell the two laptops he claimed to expect in the package, and he planned to give his daughter the iPod as a Christmas present. [*Id.* at 119.] Later he testified that he didn't intend to sell either computer after all, and that he was going to give one to his daughter. [*Id*. at 122, 160.] So Jordan's counsel did in fact elicit testimony from Jordan on all of these points. Jordan's affidavit submitted in support of his motion to reconsider [DE 197 at 15-16] merely reiterates his version of events, which he had every opportunity to (and did) tell from the witness stand at trial.

As to his daughters' testimony, Jordan has offered no affidavits from his daughters to support what testimony they would have offered if called as witnesses. We have only Jordan's word as to how they might have testified, and such speculation is insufficient to support an ineffective assistance claim. *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991). "In the case of an uncalled witness...at the very least the petitioner must submit an affidavit from the uncalled witness stating the testimony he or she would have given had they been called at trial."

4

*Wright v. Gramley*, 125 F.3d 1038, 1044 (7th Cir. 1997). *See also Miller v. United States*, 183 Fed.Appx. 571, 580 (7th Cir. 2006) [movant has burden of showing what form omitted proof or testimony would have taken].

In any event, without more, I am not convinced that counsel acted unreasonably in failing to call Jordan's daughters to testify as to these points which Jordan himself covered in his own testimony. Jordan doesn't show that the decision not to offer the daughter's corroboration on these matters overcomes the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. And the belated assertion of the claim precluded the government's opportunity to respond, including the possibility that it would have offered reasons for defense counsel <u>not</u> to have called the daughters as witnesses, weighing into the analysis of the deficient performance prong of *Strickland*.

Despite Jordan's testimony as to all these innocent explanations, the jury found him guilty. It strains credulity to think that there is any reasonable probability that the verdict would have been otherwise merely because the jury heard Jordan's daughters confirm his claims about the baggies and the expected computers. The prejudice prong of an ineffective assistance claim requires "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. That standard is not met.

I continue to find that none of Jordan's grounds present even a debatable basis for relief from his conviction or sentence. The previous denial of Jordan's §2255 motion and of a certificate of appealability will not be reconsidered.

ACCORDINGLY:

5

Nathaniel Jordan's "Motion for Proper Reconsideration" [DE 197 in 2:09CR32; DE 3 in 2:12CV529] is DENIED.

**SO ORDERED**.

ENTERED: April 15, 2014

s/ Philip P. Simon<br>
PHILIP P. SIMON, CHIEF JUDGE<br>
UNITED STATES DISTRICT COURT